IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  07-cv-01663-PAB

MERRILL ANDREWS, a/k/a Kamanda Kamangeni, Jr.,

      Petitioner,

v.

SARA M. REVELL,

      Respondent.

---

## ORDER ON PETITION FOR HABEAS CORPUS

---

Brimmer, J.

      This matter is before the Court on Petitioner Merrill Andrews' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") [Docket No. 4].  Respondent filed an Answer to the Petition [Docket No. 14] and Petitioner filed a Traverse [Docket No. 15].  After reviewing the pertinent portions of the record in this case including the Petition, the Answer, and the Traverse, I conclude that the Petition should be denied.

## I.    Background

      At the time of filing, Petitioner was incarcerated at the United States Penitentiary ("USP" ) in Florence, Colorado.  On October 3, 2002, Petitioner was sentenced to a 120-month term of incarceration by the United States District Court for the District of Kansas on a charge of bank robbery, in violation of 18 U.S.C. § 2113(a).  On December 22, 2003, the judgment was amended to correct the sentence previously imposed, and the term of imprisonment was increased to 151 months.  On

September 25, 2006, a second amended judgment was issued, and Petitioner's sentence was decreased to a 108-month term.

In the instant Petition, Petitioner argues that he was arrested and placed in custody on May 16, 2002 and therefore, should be released from federal custody on May 16, 2009 instead of his current projected release date of March 18, 2010. Petition at 3.

## II.      Standard of Review

Petitions brought pursuant to 28 U.S.C. § 2241 are used to attack the execution of a sentence and must be filed in the district where the prisoner is confined, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), in contrast to 28 U.S.C. § 2255 habeas proceedings, which are used to attack the legality of a prisoner's detention and must be filed in the district that imposed the sentence. *See id.* Claims involving revocation of good time credits or other sentence shortening issues are properly asserted pursuant to Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Petitioner is proceeding *pro se*. Therefore, the Court must construe his Petition liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Petitioner to present constitutional claims against any procedural defects caused by Petitioner's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

2

However, the Court is not the *pro se* party's advocate and must nevertheless deny an

application that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

### III.   Analysis

Petitioner argues that his sentence was calculated improperly by the Bureau of

Prisons ("BOP") with respect to the commencement date of his sentence, his prior

custody credit, and the calculation of his good time credits. Petition at 1-3.

Respondent asserts that Petitioner's sentence has been calculated properly pursuant to

the relevant federal statutes and BOP program statements and that Petitioner has

received the appropriate amounts of good time credit and prior custody credit to which

he is due.

"The computation of a federal sentence requires consideration of two separate

issues. Initially, we determine the commencement date of the federal sentence and

then turn to the extent to which defendant can receive credit for time spent in custody

prior to commencement of sentence." *Binford v. United States*, 436 F.3d 1252, 1254

(10th Cir. 2006) (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002)).

Because the offense for which Petitioner is incarcerated was committed after

November 1, 1987, the commencement of his federal sentence is governed by 18

U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). *Id.* at

1255. The U.S. Attorney General, through the BOP, is responsible for calculating the

sentence contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334

(1992).  However, the Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

### A.  Commencement of Sentence

Petitioner argues that service of his sentence should commence on the date of his arrest –  May 16, 2002.  Petition at 3; Reply at 1.

Section 3585, which governs the calculation of a federal sentence, provides as follows:

> (a)  Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585.

Pursuant to § 3585(a), I find that Petitioner's sentence began on October 3, 2002, the date of imposition of the sentence, not May 16, 2002, the date he was taken into federal custody.

### B.  Prior Custody Credit

Section 3585 also explains the calculation of credit for prior custody:

(b)  Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1)  as a result of the offense for which the sentence was imposed; or

> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

4

that has not been credited against another sentence.

18 U.S.C. § 3585.

Petitioner was credited with 140 days of prior custody credit representing the time from May 16, 2002, the date he was arrested on bank robbery charges, through October 2, 2002, the day prior to his sentencing. *See* Response at Exhibit 11; Exhibit 12. I find that the BOP has awarded Petitioner the maximum amount of prior custody credit available to him pursuant to 18 U.S.C. § 3585(b)(1). *See Azure v. Gallegos*, 97 Fed. Appx. 240, 244 (10th Cir. 2004) (noting that "the BOP, not the sentencing court, calculates a prisoner's credit for time served.") (citations omitted). Thus, even though the calculation of Petitioner's sentence begins on his sentencing date, the BOP has given him credit for the time he spent in custody since his arrest. Petitioner is not entitled to have his sentence start on the date of his arrest and to receive credit for pre-sentence detention, which would amount to double counting. *See Wilson*, 503 U.S. at 337 ("Congress made clear [in enacting § 3585(b)] that a defendant could not receive double credit for his detention time.").

### C. Good Time Credits

Petitioner appears to take issue with the BOP's calculation of his "good time" credits. The statute governing the award of good time credits is found at 18 U.S.C. § 3624(b)(1), which provides in relevant part:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the

5

end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

18 U.S.C. § 3624(b)(1).

In applying the formula set forth in 18 U.S.C. § 3624(b)(1), the BOP has determined that Petitioner will earn 423 days of good time credits if he maintains the behavior necessary to earn such credits.  *See* Response at Exhibit 12.  Liberally construed, Petitioner's claim appears to assert that the BOP's method of calculating good time credits violates his due process right pursuant to the Fifth Amendment because the BOP's method calculates good time credits based on the amount of time an inmate actually serves and not the length of the sentence imposed.  Petition at 3. This claim has been considered and rejected by the United States Court of Appeals for the Tenth Circuit, *see Wright v. Federal Bureau of Prisons*, 451 F.3d 1231, 1236 (10th Cir. 2006), as well as every other circuit court to have considered this question.  *See, e.g., Sash v. Zenk.*, 428 F.3d 132, 136 (2nd Cir. 2005); *Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005); *Bernitt v. Martinez*, 432 F.3d 868, 869 (8th Cir. 2005) (per curiam). As such, I find that Petitioner's claim is without merit.

Therefore, based upon the above findings, the instant action must be dismissed because the BOP has properly determined Petitioner's projected release date.

6

IV.     **Evidentiary Hearing**

The issues presented in the Application exclusively concern issues of law, with

the general facts necessary to determine those issues not in dispute and already

contained in the record.  Accordingly, an evidentiary hearing in this regard is not

required.  *See, generally*, 28 U.S.C. § 2243 (when entertaining an application for

habeas corpus, a court must hold a hearing at which the applicant is present, unless

the writ and return present only issues of law).  Accordingly, it is

ORDERED that Petitioner Merrill Andrews' Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 ("Petition") [Docket No. 4] is denied.  It is further

ORDERED that this case is dismissed with prejudice.

DATED May 8, 2009.

                                        BY THE COURT:


                                        s/Philip A. Brimmer_____
                                        PHILIP A. BRIMMER
                                        United States District Judge